COPY

1  Daniel M. Cislo, No. 125,378
2  Peter S. Veregge, No. 155,769
   CISLO & THOMAS LLP
3  1333 2ⁿᵈ Street, Suite 500
   Santa Monica, California 90401-4110
4  Telephone:  (310) 451-0647
   Fax:  (310) 394-4477
5    danielcislo@cislo.com
     pveregge@cislo.com
6
   Jeffrey A. Babener, No. 59099
7  BABENER & ASSOCIATES
   121 S.W. Morrison, Suite 1020
8  Portland, OR  97204-3140
   Telephone: (503) 226-6600
9  Fax: (503) 226-4290

10 Attorneys for Plaintiffs,
   ENAGIC CO., LTD. and
11 ENAGIC USA, INC.

12

13            UNITED STATES DISTRICT COURT

14           CENTRAL DISTRICT OF CALIFORNIA

15

16 ENAGIC USA, INC., a California          )  CASE NO.
   corporation, ENAGIC CO. LTD., a         )
17 Japanese corporation                    )  CV09-0101
                                           )
18              Plaintiffs,                 )  COMPLAINT FOR:
19        vs.                               )
                                           )  (1)  Trademark Infringement
20 Richard Cabados, an individual, dba     )  (2)  Federal Unfair Competition
   EarthTrade Water and/or LIFE            )  (3)  State Unfair Competition
21 Ionizers, Earth Trade Water, Inc., a    )
   California corporation, and DOES 1-9    )
22 inclusive,                              )
                                           )
23              Defendants.                 )  DEMAND FOR JURY TRIAL
                                           )
24 _____)

25

26

27     For its Complaint, Plaintiffs Enagic USA, Inc. and Enagic Co., Ltd.

28 (hereinafter collectively "Enagic") allege as follows:

**INTRODUCTION**

1.    This is an action under the Trademark Laws of the United States, Title 15 U.S.C. §1051, et seq., for trademark infringement pursuant to §32 and §43 of the Trademark Act of 1946 (the Lanham Act), as amended, 15 U.S.C. §§1114 and 1125(a), respectively.   In addition, this is an action for unfair competition, in violation of federal and California statutes and the common law. Plaintiff seeks equitable relief, including a preliminary and permanent injunction against Defendant, as well as monetary damages in the form of Defendants' profits, as well as attorney's fees and costs.

**PARTIES**

2.    Plaintiff Enagic USA, Inc., a California corporation, has its principal place of business located in Los Angeles County, California.

3.    Plaintiff Enagic Co., Ltd. is a company organized under the laws of Japan, with its principal place of business in Tokyo, Japan.

4.    Enagic is informed and thereupon alleges that defendant Richard Cabados d/b/a EarthTrade Water and/or LIFE Ionizers is, and at all relevant times mentioned in this Complaint was, an individual residing in California, County of San Diego ("Cabados").

5.    Enagic is informed and believes that defendant Earth Trade Water, Inc. is a California corporation with its principal place of business in California, County of San Diego, and was incorporated in March 2008 ("ETW") (collectively, Cabados and ETW are referred to as "Defendants").

CISLO & THOMAS LLP
*Attorneys at Law*
1333 2ⁿᵈ STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647    Facsimile: (310) 394-4477

6.     The true names and capacities, whether individual, corporate or otherwise of defendants Does 1-9 inclusive ("DOES"), are unknown to Enagic, who therefore sues them by such fictitious names.   Enagic will seek leave to amend this complaint to allege their true names and capacities when they have been ascertained.   Enagic is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Enagic's damages as herein alleged were proximately caused by those defendants.     At all times herein mentioned, defendants Does 1-9 inclusive were the agents, servants, employees or attorneys of their co-defendants, and in doing the things hereinafter alleged were acting within the course and scope of their authority as those agents, servants, employees or attorneys, and with the permission and consent of their co-defendants.

## JURISDICTION AND VENUE

7.     This court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and also under 28 U.S.C. § 1367 and the doctrine of pendant jurisdiction, in that the state law claims are substantial and so related to the claims arising under federal law that they form part of the same case and controversy under Article III of the United States Constitution.

8.     Based on information and belief, Defendants are subject to personal jurisdiction in this judicial district in that they are conducting regular business in this judicial district, and operating interactive websites with ordering capabilities that are accessible within this judicial district.

9.     Venue, pursuant to 28 U.S.C. § 1391, is proper in this district in that

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647   Facsimile: (310) 394-4477

the transactions and occurrences that form the substance of this action occurred in this judicial district, and Defendants are subject to personal jurisdiction in this judicial district.

## BACKGROUND FACTS

### Plaintiff's Business and Use of the Mark

10.    Since at least 2003, Enagic has been engaged in the business of selling water treatment systems in the United States.   On February 8, 2005, Enagic Co., Ltd. obtained federal registration for the trademark "ENAGIC®", Reg. No. 2,925,640 on the Principal Register, for "electrolytic water generators."   The registration lists a first use date at least as early as June 30, 2003.  A true and correct copy of the United States Patent and Trademark Office ("PTO") website printout for this mark is attached as Exhibit A.

11.    On August 30, 2005, Enagic Co., Ltd. obtained federal registration of the trademark "KANGEN WATER®," Reg. No. 2,990,706 on the Supplemental Register, for "electrolytic water generators for electrically decomposing tap water to generate electrolytic water and for removing chlorine odor from tap water."   The registration lists a first use date at least as early as June 23, 2005.  A true and correct copy of the PTO website printout for this mark is attached as Exhibit B.

12.    Enagic has used the marks "ENAGIC®" and "KANGEN WATER®" ("the Marks") in the United States continuously and without interruption since at least their respective registration dates.   The Marks are either inherently distinctive or descriptive but have acquired secondary meaning, and are used to

CISLO & THOMAS LLP
Attorneys at Law
1333 2ᴺᴰ STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647   Facsimile: (310) 394-4477

identify the source of Enagic's goods and services.

13.    Using the Marks, Enagic undertook aggressive efforts at the early stages of its existence to market its goods and services, and has consistently continued with an Internet and multi-level-marketing advertising campaign since at least 2005.  Plaintiffs have owned the website www.enagic.com since at least December 5, 2003, through which they conduct substantial sales.  Plaintiffs also make substantial sales through multi-level marketing representatives, who use the Marks in their promotional literature.

14.    Enagic has continuously used the Marks well before the acts of Defendants complained of herein.    Enagic has established an outstanding reputation as to the quality of its products sold under the Marks via its websites and multi-level-marketing.

15.    As a result of such advertising, Enagic has established considerable goodwill in the Marks, which have become widely recognized throughout the United States and abroad as symbols of Enagic's high quality products and are associated by consumers exclusively with Enagic and its Marks and products.

## Defendant's Business and Use of Marks

16.    The allegations of this paragraph are based on information and belief. Defendant Richard Cabados is CEO of Doctors Health Supply, Corp., which was a California corporation but has been suspended.    Nevertheless, the website doctorshealthsupply.com sells a variety of nutritional, health, and wellness products, including vitamins, minerals, supplements, herbs, magnetic mattresses, back discomfort therapy products, therapeutic jewelry, chi gong machinery,

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647   Facsimile: (310) 394-4477

massage tools, sports nutrition, alternative health books and videos.

17.    The allegations of this paragraph are based on information and belief. No earlier than April 27, 2006 and no later than July 1, 2006, Cabados and/or ETW began operating the website earthtradewater.com, offering the same types of water ionizers already offered by Enagic.    True and correct copies of representative pages of the website are attached as Exhibit C.

18.    The allegations of this paragraph are based on information and belief. No earlier than June 6, 2006 and no later than October 23, 2006, Cabados and/or ETW began operating the website lifeionizers.com, offering the same types of water ionizers already offered by Enagic, under Defendants' "LIFE Ionizer" trademark.    The earthtradewater.com and lifeionizers.com websites are collectively referred to as "the Sales Websites."    True and correct copies of representative pages of the website are attached as Exhibit D.

19.    There is a clear connection between Cabados, LIFE Ionizers, and EarthTrade Water.    According to one of Defendants' many "LIFE" websites, "'Life Ionizer' is the official United States Patent and Trademark Office trademarked name of our line of home ionizers.    EarthTrade Water is a separate company that handles the design, manufacture, importation and distribution of 'Life Ionizers'."

20.    The allegations of this paragraph are based on information and belief. At first, the Sales Websites did not use the term "KANGEN WATER" to describe their products or their product's output or alkaline ionized water.    The Sales Websites did not begin using the term "KANGEN WATER" until 2007, and then only did so when describing Enagic's products.

CISLO & THOMAS LLP
Attorneys at Law
1333 2ⁿᵈ STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647    Facsimile: (310) 394-4477

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ⁿᵈ STREET
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647   Facsimile: (310) 394-4477

21.   The allegations of this paragraph are based on information and belief. More recently, the Sales Websites have stated that Defendants' water ionizers produce "Kangen water."  A true and correct copy of the webpages showing such use are attached as Exhibit E.

22.   The allegations of this paragraph are based on information and belief. In January 2008, an undisclosed entity bought the domain compareionizers.com, hiding its identity by registering the domain through DomainsByProxy, and shortly thereafter began operating a website offering comparisons of Defendants' water treatment systems to Enagic's.   A true and correct copy of the representative webpages are attached as Exhibit F.   In May, 2008, Cabados and/or ETW bought the domain waterionizerreviews.org, and shortly thereafter began operating a website offering comparisons of Defendants' water treatment systems to Enagic's.   A true and correct copy of the representative webpages are attached as Exhibit G.   (collectively these websites are referred to as "Review Websites").

23.   The Review Websites both strongly suggest that they offer impartial reviews of water treatment devices.   Yet the waterionizerreviews.org website admits it is operated by defendant EarthTrade Water.   Despite such disclosure, the website fails to state that EarthTrade Water has any affiliation with the LIFE Ionizer electrolytic water generator products that are reviewed on the website. This omission is clearly intended to mislead consumers into thinking that EarthTrade Water and the website are unaffiliated with any of the reviewed products, when in fact EarthTrade Water is the design, manufacture, importation and distribution company for the LIFE Ionizer electrolytic water generator products.   In an apparent further effort to lend an air of impartiality and

legitimacy to the website, EarthTrade Water obtained a ".org" TLD for the site, which is usually used for non-commercial entities.

24.     Although the compareionizers.com website does not state an affiliation with any company, it contains the same tabular comparisons found on Defendants' lifeionizers.com website, it touts the LIFE Ionizers and claim they outperform the Enagic machines, and it contains disclaimers for use of all trademarks except LIFE Ionizers'.   These facts strongly suggest the website's association with Defendants or their agents.

25.     Both Review Websites consistently find that Defendants' water treatment devices are superior to Enagic's.     For example, the waterionizerreviews.org website states that "The LIFE 7500 was the highest rated ionizer we reviewed and tested."  Although the website gave Enagic's machine a good rating, it noted a number of drawbacks to the machine, while noting no drawbacks for Defendants' own machine.   The compareionizers.com website repeats a litany of purported superiorities of the Defendants' units over the Enagic units, which is the same advertising copy found on the lifeionizers.com website. Moreover, in addition to using the "ENAGIC" Mark, the Review Websites have used Enagic's registered Mark "KANGEN WATER" as a generic term for alkaline water.

26.     This paragraph is based on information and belief.   Both of the Review Websites contain hyperlinks to the website waterionizerexpert.com ("WIE Website"), which offers several ionizers for sale, including the LIFE Ionizers and Enagic products.  Like the compareionizers.com domain, the WIE domain owner is hidden by registration through DomainsByProxy, and was registered August 8, 2008.  But like both Review Websites, the WIE Website has comparison tables

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647   Facsimile: (310) 394-4477

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647   Facsimile: (310) 394-4477

for the ionizers it purportedly offers, and the LIFE Ionizer model always has the best features with a more thorough description of said features than any of the other brands, including Enagic's. True and correct copies of those tables and other representative pages are attached as Exhibit H. Showing the clear connection between the WIE Website and Defendants lifeionizers.com website, both have virtually identical return policies, the same financing offer of $39 a month, and both claim to be "the oldest and largest distributors of alkaline home, commercial and industrial water ionizers in North America." True and correct copies of the two websites' pages showing these facts are attached as Exhibit I.

27.    Yet there is no disclosure that the WIE Website is affiliated with Defendants. In fact, the WIE Website claims its reviews are completely unbiased and not tempered to push one brand over another. In light of how the reviews are slanted, such claims are intended to mislead and deceive the consuming public that the WIE Website is unaffiliated with Defendants, particularly since the site is linked to the Review Websites. In addition, the WIE Website also has used KANGEN WATER generically and/or as metatags or page titles, and copiously uses the ENAGIC mark to drive traffic to the site.

28.    The allegations of this paragraph are based on information and belief. No earlier than October 30, 2008, Cabados and/or ETW began operating the website mylifedealer.com. No earlier than April 17, 2007, Cabados and/or ETW began operating the website lifedealers.com. Both these websites are targeted at finding dealers to offer Defendants' LIFE brand ionizers, the same types of water ionizers already offered by Enagic. Collectively, these websites will be referred to as the "Dealer Websites."

29.    The allegations of this paragraph are based on information and belief.

9

Cabados and/or ETW have been purchasing keywords from search engines such as Google, so that when ENAGIC or KANGEN WATER mark is searched for, the sponsored links that appear include the websites lifeionizers.com, mylifedealer.com, lifedealers.com, and compareionizers.com. Cabados and/or ETW appear to have been using "ENAGIC," "KANGEN" and "KANGEN WATER" as metatags in the Sales and Review Websites to drive consumers looking for Enagic to Defendants' websites.

30.     On November 17, 2008, Cabados applied for federal registration of the trademark "LIFE IONIZER'S KANGEN WATER" for "Filters for drinking water; Ozone sanitizers for air and water; Tap-water purifying apparatus; Water conditioning units; Water distillation units; Water distilling units; Water filters; Water ionizers." A true and correct copy of the PTO's webpage for this application (Serial No. 77,615,761) is attached as Exhibit J.

31.     The Sales Websites and Review Websites all admitted that Enagic developed the term KANGEN WATER to identify and market its products, and distinguish Enagic's products from others, by stating: "The word "Kangen" in Japanese means "return to origin" and is simply a marketing term. ... Kangen water is simply another name for ionized, alkaline water." True and correct copies of the pages of the Websites with these statements are attached hereto as Exhibit K.

32.     The Sales Websites and Review Websites further admitted that Enagic is using KANGEN as a trademark by describing Enagic's water ionizers in their product comparisons as "Enagic/Kangen machines," "Enagic/Kangen ionizers," "Kangen/Enagic," and "Kangen LeveLuk SD 501."

CISLO & THOMAS LLP
Attorneys at Law
1333 2ᴺᴰ STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647   Facsimile: (310) 394-4477

33.     Enagic is informed and believes that Cabados and/or ETW are using the Mark "KANGEN WATER" to benefit from Enagic's goodwill generated from Enagic's use of the same mark for virtually identical goods and services, and are using the Mark "ENAGIC" to drive Enagic's customers and potential customers to Defendants' websites.

34.     Upon information and belief, Enagic alleges that Defendants and each of them agreed and conspired to profit from using well known ENAGIC and KANGEN WATER Marks to misuse Enagic's intellectual property rights, carrying out their plan through the following acts.  Beginning on a date unknown to Enagic, Defendants began using Enagic's ENAGIC and KANGEN WATER marks as a keyword for Internet search engine Sponsored Links (banner ads) on Internet initial search results pages such as Google and other Internet search engine sponsored searches, resulting ultimately in the promotion and advertisement Defendants' water treatment products by the Sponsored Links hyperlinking to Defendants' Sales, Dealer, and Review Websites with the following promotions:

a.     The Review Websites and WIE Website are nothing more than advertisements disguised as impartial reviews.

b.     The Sales Websites dedicate much of their advertising copy to comparing Defendants' products to Enagic's, copiously using the Marks to drive search engines to the Sales Websites during searches for Enagic's Marks.

c.     Both the Review Websites and the WIE Website falsely and fraudulently promote Defendants' products as the leading product.  The websites

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647   Facsimile: (310) 394-4477

further improperly utilizes Plaintiff's ENAGIC® and KANGEN WATER® trademarks to describe Defendants' products.

35.     Defendants consequently benefit from the sponsored ads at Google and other search engine sites utilizing the Marks to promote false and manufactured comparisons to the detriment of the Marks and Enagic's electrolytic water generator products.

36.     Defendants' use of the Marks is an unfair business practice that capitalizes on the Marks and products by first catching customers' interest then diverting them away from Enagic products by deceiving them into believing they are reading legitimate product analyses and comparisons.   Said analyses and comparisons have further falsely and fraudulently hidden Defendants' ownership identities by utilizing internet website identity registration protection by domain registrars Domains By Proxy and Godaddy.com, which constitutes further evidence of Defendants' misuse of Plaintiff's valuable intellectual property rights, all of which have caused incalculable damage to Plaintiff.

<u>Plaintiff's Attempt to Resolve the Dispute</u>

37.     On or about January 14, 2008, Enagic's counsel, Jeffrey Babener, Esq. of Babener & Associates, wrote a letter to defendant Cabados regarding the use of the registered KANGEN WATER trademark on Defendants' lifeionizer.com website.   The letter requested that Cabados cease and desist from further use of the KANGEN WATER trademark on that website and the word KANGEN in metatags and keyword list.   A true and correct copy of the letter is attached hereto as Exhibit L.

38.   On or about August 27, 2008, Enagic's counsel, Jeffrey Babener, Esq. of Babener & Associates, wrote another letter to defendant Cabados regarding the use of the registered ENAGIC and KANGEN WATER trademarks on Defendants' lifeionizer.com website.   The letter requested that Cabados cease and desist from further use of those trademarks on that website and in metatags and keyword list.   A true and correct copy of the letter is attached hereto as Exhibit M.

39.   On our about September 15, 2008, Defendants' attorney, Eric Hanscom, Esq. responded to Mr. Babener's letter, a true and correct copy of which is attached hereto as Exhibit N.   Mr. Hanscom agreed with Mr. Babener's contention that "Kangen Water" is not synonymous with alkaline water any more than "Coca-Cola" was synonymous with cola drinks. Yet he asserted that his client was entitled to use Enagic's Marks to compare its products to Enagic's. Mr. Hanscom also indicated that his client would take steps to alleviate confusion, including putting "®" symbols next to the Marks, adding trademark disclaimers, eliminate the use of ENAGIC and KANGEN WATER in metatags.

40.   On October 2, 2008, Mr. Babener wrote to Mr. Hanscom agreeing that the remedial measures were a good start, but that the waterionizerreviews.org website continued to use the KANGEN WATER mark in a manner that unfairly competes with Enagic, and the website was using the Mark in its metatag and keyword list.   Specifically, Mr. Babener noted that the waterionizerreviews.org site falsely misled consumers into thinking it was unbiased, when it was affiliated with Defendants.   Such use, he noted, amounted to an advertisement and not a "fair use" of the Marks, constituting unfair competition and false advertising in violation of the Lanham Act.   Once again, Mr. Babener demanded that Defendants cease and desist use of the ENAGIC and KANGEN WATER marks in

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647   Facsimile: (310) 394-4477

metatag list, title pages, in search keyword advertising or promotion materials, or in any manner on the waterionizerreviews.org website. A true and correct copy of the letter is attached as Exhibit O.

41.   On or about October 17, 2008, Mr. Hanscom responded by stating Mr. Babener had no legal authority to make the demands in his October 2 letter, and essentially refused to comply with those demands. Mr. Hanscom then demanded an apology for the actions of Enagic's sales manager, who purportedly sent an email to certain persons summarizing the remedial steps Mr. Hanscom agreed to in his September 15 letter. Mr. Hanscom took exception to the summary, even though he stated it was obviously drafted by a layman and not a lawyer, because he said it was legally inaccurate. Mr. Hanscom demanded that Enagic broadcast email a public apology, plus place a very prominent apology on the main page of Enagic's website for a full month, or Mr. Cabados would take legal action against Enagic. A true and correct copy of the letter is attached as Exhibit P.

42.   Rather than filing a lawsuit, on or about November 6, 2008, Mr. Hanscom filed a Petition to Cancel Enagic's KANGEN WATER trademark with the PTO. In addition, on or about November 17, 2008, Mr. Hanscom filed for federal registration of the mark "LIFE IONIZER'S KANGEN WATER" on behalf of Cabados.

43.   Seeing that no informal resolution was possible with Defendants, who willfully continue their actions despite Enagic's multiple requests to stop, Enagic filed this lawsuit.

# INJURY TO PLAINTIFF ENAGIC

44.     Defendants are not authorized to use Enagic's Marks.

45.     Plaintiff Enagic has no control over the nature and quality of Defendants' use of its Marks as key words for internet search engines or Defendants' purported product comparisons. Plaintiff Enagic's business goodwill with respect to its Marks and products has suffered as a result of Defendants' actions and is presently at the mercy of Defendants.

46.     The natural, probable and foreseeable result of the aforesaid conduct of the Defendants has been and will continue to be to deprive Enagic of goodwill, to injure Enagic's relations with present and prospective customers, to deprive Enagic of business and the selling of its electrolytic water generator products, and to impose substantial expenses on Enagic to counteract and remedy the Defendants' aforesaid conduct.

47.     Enagic is informed and believes and based thereon alleges that it has lost or will lose sales for its electrolytic water generator products, and has sustained or will sustain damages as a result of the Defendants' aforesaid conduct. The Defendants' aforesaid wrongful conduct has also deprived and will continue to deprive Enagic of opportunities for expanding its goodwill.

48.     Defendants' wrongful, unauthorized use of the Marks, if permitted to continue, will irreparably harm Enagic, its Marks, reputation, and goodwill. Defendants' wrongful use of the Marks dilutes the strength of the marks and tarnishes the image and reputation of Enagic among consumers of its electrolytic water generator products. Enagic has developed its goodwill among consumers

15

by supplying high quality, effective, and popular electrolytic water generator products.  Defendants are now free riding in the market on back of Enagic's hard-earned goodwill and are irreparably damaging that goodwill in the process.

49.     Enagic is informed and believes and based thereon alleges that unless enjoined by this Court, Defendants intend to continue their course of conduct, and to wrongfully use, infringe upon and otherwise profit from Enagic's Marks.  As a direct and proximate result of the acts of the Defendants alleged above, Enagic has already suffered irreparable damage and has sustained lost profits.  Enagic has no adequate remedy at law to redress all of the injuries the Defendants have caused and intend to cause by their conduct.   Enagic will continue to suffer irreparable damage and sustain lost profits until the Defendants' actions alleged above are enjoined by this Court.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## UNDER 15 U.S.C. §§ 1114, 1125(a)

50.     Plaintiff repeats and alleges each and every allegation contained in paragraphs 1-49 of this Complaint and incorporates them herein.

51.     By the aforesaid acts, Defendants have infringed upon Enagic's federal trademark rights in Enagic's registered marks "ENAGIC" and "KANGEN WATER" in violation of the Lanham Act (15 U.S.C. §§ 1114 and 1125(a)).  Plaintiff has valid and protectable interests in these marks.  Enagic is the owner of these marks, and has priority of use over Defendant.  The Defendants' use of Enagic's marks creates a likelihood of confusion between the companies, such that the consuming public will be deceived.

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647   Facsimile: (310) 394-4477

52.     Enagic, on information and belief, alleges that at the time Defendants commenced the promotion and sale of products using Enagic's Marks, Defendants knew of Enagic's adoption and widespread use of its proprietary trademarks and sales of products related thereto, and knew of the valuable goodwill and reputation acquired by Enagic in connection with its Marks and products. Defendants nonetheless misappropriated Enagic's proprietary Marks by using "ENAGIC" and "KANGEN WATER" as keywords in advertising on Internet search engines and falsely comparing Enagic's electrolytic water generator products with Defendants' own competing trademarks and products placing the Marks on the advertising, promotion and false comparison of their products.

53.     Defendants have used colorable imitations of the Marks in interstate commerce without the consent of Enagic, for the purpose of promoting and/or selling merchandise by deception through the Internet search engine banner ads and product comparisons.  Such use of the Marks has caused and is likely to continue to cause confusion as to the source by Defendants' failure to reveal their complicity and false and fraudulent comparisons that put Enagic's Marks and products in a false and negative light.  By utilizing Enagic's Marks and creating and promoting confusing and false product comparisons, Defendants have infringed Enagic's marks in interstate commerce and have willfully violated Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

54.     Enagic has no control over the quality of the goods and/or services sold by Defendants, and because of the false product comparisons engendered by the Defendants, Enagic's valuable goodwill in respect to its aforesaid trademarks is at the mercy of Defendants.  Enagic is informed and believes and on that basis alleges that Defendants' use of the Marks has caused mistake and deception of purchasers as to the source of origin and truth Defendants' false comparisons that

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647   Facsimile: (310) 394-4477

profit by the use of Enagic's Marks.

55.    The deceptive use by Defendants of Enagic's Marks has resulted in the infringement of the exclusive rights which Enagic has formerly enjoyed in connection with its registered trademarks in the sale of its ENAGIC® and KANGEN WATER® products to the great detriment of Enagic.

56.    By reason of Defendants' acts of federal trademark infringement, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendants from any further acts of federal trademark infringement, including but not limited to, use of the marks ENAGIC® and KANGEN WATER®.    Defendants' continuing acts of federal trademark infringement, unless enjoined, will cause irreparable damage to Enagic in that it will have no adequate remedy at law to compel Defendants to cease such acts.

57.    Defendants' infringing actions violate the Lanham Act.    Therefore, Plaintiff seeks to recover monetary compensation in the form of Defendants' profits, which should be trebled and include prejudgment interest.    Plaintiff also seeks to recover the costs of the action.

58.    In addition, Defendants' aforesaid infringing conduct has been willful, wanton and malicious and done with an intent to deceive the purchasing public.    Despite Enagic's request to Defendants to cease and desist using the Marks, Defendants refuse to stop.    Enagic is therefore entitled to an award of its reasonable attorneys' fees.

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647   Facsimile: (310) 394-4477

## COUNT II

### VIOLATION OF LANHAM ACT - UNFAIR COMPETITION

#### (15 U.S.C., § 1125(a) Based upon False and Improper
#### Use of Endorsements and Testimonials in Advertising)

59.    Enagic repeats and alleges each and every allegation contained in paragraphs 1 through 58 of this Complaint, and incorporates them herein.

60.    In its advertising for its electrolytic water generator products, Defendants have utilized purported independent reviews and rankings of various electrolytic water generators (water ionizers), including ENAGIC® and KANGEN WATER® systems sold by Enagic.  In both the Review Websites and the WIE Website, Defendants, without disclosing that both websites are under common ownership and control of the manufacturer, designer, importer, and distributor of LIFE ionizers, purport to conduct an "independent" review of the efficacy, features, and merits of Defendants' LIFE ionizers as against other ionizers, including Enagic's products, and assert that Defendants' LIFE ionizers are superior to Enagic's products.  These constitute endorsements of Defendants' products by the Review Websites and the WIE Website.

61.    The law of deceptive practices with respect to endorsements is summarized and set forth in the Guides Concerning Use of Endorsements and Testimonials in Advertising, 16 C.F.R. Part 255, published by the Federal Trade Commission.  The Guides require that when there exists a connection between the endorser (in this case the Review and WIE Websites) and the seller of the advertised product (in this case lifeionizers.com, lifedealers.com, and mylifedealer.com), which might materially affect the weight or credibility of the endorsement and such a connection would not reasonably be expected by the

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647   Facsimile: (310) 394-4477

audience for the advertisement, such a connection must be fully disclosed. 16 C.F.R. § 255.5. The fact that the three websites are under common ownership and control with the seller of the LIFE Ionizer products would not ordinarily be expected by viewers and must be disclosed, but is not.

62. Under the FTC Guides, endorsement by organizations, especially ones holding themselves out as experts, as do the Review and WIE Websites, must be reached by a process sufficient to ensure that the endorsement fairly reflects the collective judgment of an organization and through an exercise of the expertise of the organization in evaluating the product in question. 16 C.F.R. § 255.4. On information and belief, the ranking of the product that is being sold by the undisclosed owner of the purported "expert" websites as superior to other products was not the result of a process that complies with the requirements of 16 C.F.R. § 255.4.

63. The failure to disclose common ownership between the seller of a product and purported "independent" endorsers and the ranking of the product sold by the undisclosed affiliate of the website as superior to other products, including Enagic products sold by plaintiff, is a violation of the FTC Guides Concerning Use of Endorsements and Testimonials in Advertising and, as such, is an unlawful and unfair business practice as is Defendants' improper attraction and diversion of prospective customers by use of the "ENAGIC" and "KANGEN WATER" keywords and purported analyses and comparisons that are not fair, accurate or based on facts as previously set forth herein, all of which constitutes unfair competition under 15 U.S.C. § 1125(a).

64. Enagic alleges that the aforesaid acts of unfair competition undertaken by Defendants were intentionally and knowingly undertaken and were

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
Telephone: (310) 451-0647   Facsimile: (310) 394-4477

1  directed toward perpetuating a business competing unfairly with Enagic and were
2  done with a willful disregard for the rights of Enagic.

3

4       65.    By reason of Defendants' acts of unfair competition, Enagic has
5  suffered and will continue to suffer irreparable injury unless and until this Court
6  enters an order enjoining Defendants from any further acts of unfair competition.
7  Defendants' continuing acts of unfair competition, unless enjoined, will cause
8  irreparable damage to Enagic in that it will have no adequate remedy at law to
9  compel Defendants to cease such acts.   Enagic will be compelled to prosecute a
10 multiplicity of actions, one action each time Defendants, or any one of them,
11 commits such acts, and in each such action it will be extremely difficult to
12 ascertain the amount of compensation which will afford Enagic adequate relief.
13 Enagic is therefore entitled to a preliminary injunction and a permanent injunction
14 against further infringing conduct by Defendants.

15

16      66.    As a direct and proximate result of the aforesaid acts of unfair
17 competition, Defendants have wrongfully taken Enagic's profits and the benefit of
18 their creativity and investment of time, energy and money.   Defendants should
19 therefore disgorge all of Defendants' profits from the sale of any products through
20 the use of Enagic's registered Marks or false product comparisons and further
21 should be ordered to perform full restitution to Plaintiff as a consequence of
22 Defendant's infringing activities.

23

24      67.    In doing the acts hereinabove alleged, Defendants have acted
25 fraudulently, oppressively, and maliciously, and, by reason thereof, Plaintiff is
26 entitled to exemplary and punitive damages.

27

28

# COUNT III

## UNFAIR COMPETITON UNDER STATE LAW

### (California Business & Professions Code, §§ 17200, 17203
### Based upon False and Improper Use of Endorsements
### and Testimonials in Advertising)

68.    Enagic repeats and alleges each and every allegation contained in paragraphs 1 through 67 of this Complaint, and incorporates them herein.

69.    Defendants' aforesaid acts, and each of them, constitute unfair competition in violation of the California Business & Professions Code, §§ 17200, 17203.

70.    Enagic's Marks are wholly associated with Enagic due to its use thereof, and as such, Enagic is deserving of having its Marks adequately protected with respect to the conduct of its business.

71.    Defendants' use of the Marks comprises unfair competition in that customers and would-be customers are likely to be confused concerning the origin of services and products in the marketplace.  Moreover, the Review and WIE Websites are deceptive and misleading advertising for Defendants' products, without sufficient disclosure that the websites are affiliated with the manufacturer, designer, importer, and distributor of the Defendants' LIFE ionizer products.  On information and belief, Enagic alleges that Defendants have been using the Marks and deceptive and misleading advertising for the purpose of damaging Enagic's business and destroying competition.

72.    Enagic  has  suffered,  is  suffering,  and  will  continue  to  suffer

22

irreparable damages and injury for which Enagic has no adequate remedy at law. Therefore, Defendants' use of the Marks to compare their products to Enagic's, and the deceptive and misleading advertising of the Review and WIE Websites should be enjoined.

73.    Additionally, Enagic seeks costs and attorneys' fees.

WHEREFORE, Enagic prays for:

1.    A finding that Enagic's KANGEN WATER mark is valid and enforceable.

2.    An Order that Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participating with any of them, preliminarily and thereafter, be permanently enjoined:

a)    from committing any further acts of unfair competition, trademark infringement, and injury to business reputation;

b)    from representing directly or indirectly in any form or manner whatsoever, any product comparisons to Enagic products;

c)    from passing off or inducing or enabling others to sell or pass off any non-Enagic product as an Enagic product or Enagic endorsed or sponsored product;

d)      from committing any other acts calculated to cause purchasers to believe that Defendants' products are Enagic's, and from competing unfairly with Enagic in any manner; and

e)      from using the Enagic Marks or colorable imitations thereof in any way in the conduct of its business, advertising, including Internet advertising, in promoting its business, and in answering its telephones.

f)      from operating websites that compare, sell, or distribute Defendants' products without explicit and complete disclosure that the website is operated by and/or affiliated with each of the Defendants.

3.      A finding that Defendants have committed acts of unfair competition and trademark infringement.

4.      A finding that Defendants willfully and deliberately in bad faith and fraudulently committed the above acts.

5.      A judgment of treble the amount of Defendants' profits related to its unlawful activities and prejudgment interest thereon.

6.      A judgment of exemplary and punitive damages.

7.      A finding that this case is exceptional.

8.      An judgment requiring Defendants to pay Enagic its reasonable attorney fees.

9.     A judgment requiring Defendants to pay Enagic the costs and disbursements of this action.

10.    For Enagic to receive such other and further equitable relief as the Court may deem appropriate including an enhancement of the award due to the willfulness of Defendants' acts, and an award of attorney fees and costs.

Respectfully submitted,

CISLO & THOMAS LLP

Dated:  January ___6___, 2009          By: _____

Daniel M. Cislo
Peter S. Veregge

Jeffrey A. Babener
BABENER & ASSOCIATES

Attorneys for Plaintiffs,
ENAGIC CO., LTD. and ENAGIC USA, INC.

# JURY TRIAL DEMAND

ENAGIC CO., LTD. and ENAGIC USA, INC. hereby request a trial by jury in this matter.

Respectfully submitted,

CISLO & THOMAS LLP

Dated: January  6 , 2009          By: _____

Daniel M. Cislo
Peter S. Veregge

Jeffrey A. Babener
BABENER & ASSOCIATES

Attorneys for Plaintiffs,
ENAGIC CO., LTD. and ENAGIC
USA, INC.

T:\08-21956\Complaint.DOC

26

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV09- 101 PA (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

**ORIGINAL**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENAGIC USA, INC., a California corporation, ENAGIC CO. LTD., a Japanese corporation<br><br>PLAINTIFF(S)<br><br>v.<br><br>Richard Cabados, an individual, dba EarthTrade Water and/or LIFE Ionizers, Earth Trade Water, Inc., a California corporation, and DOES 1-9 inclusive<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV09-0101 PA (SHx)<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S):  <u>Richard Cabados, an individual, dba Earth</u>Trade Water, et al.

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>Daniel M. Cislo/Cislo & Thomas LLP</u>, whose address is <u>1333 2nd Street, Suite No. 500, Santa Monica, California 90401-4110</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JAN - 6 2009__

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

ORIGINAL

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ENAGIC USA, INC., a California corporation and ENAGIC CO. LTD., a Japanese corporation | Richard Cabados, an individual, dba EarthTrade Water and/or LIFE Ionizers, Earth Trade Water, Inc., a California corporation, and DOES 1-9 inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>CISLO & THOMAS LLP          Tel: (310) 451-0647<br>1333 2nd Street, Suite No. 500<br>Santa Monica, California 90401-4110 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Lanham Act, 15 U.S.C. 1051 et seq.; Trademark Infringement and Unfair Competition

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER<br>PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty<br>☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV09-0101

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                 ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                 ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                 ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Diego |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
<u>Note: In land condemnation cases, use the location of the tract of land involved</u>

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date January 6, 2009

    **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |